Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 910 Main St. Suite 358C
Boise, ID 83702
P: 314-322-7639
Email: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MANUEL ROGUE,<br><br>                     Plaintiff,<br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC.<br>                     Defendant. | Case No. 19-CV-00005<br><br>**COMPLAINT**<br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff John M. Rogue, by and through his counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his causes of action against Defendant as follows:

### **INTRODUCTION**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and for the common law tort of defamation.

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p).

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Ada County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC. (Equifax) is a consumer reporting agency incorporated under the laws of the State of Georgia and has a designated registered agent: Corporation Service Company, 12250 W Explorer Dr. STE 100 , Boise, ID 83713.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Equifax is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

8. Defendant Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties. The inaccurate information is a Bankruptcy Defendant is falsely reporting on Plaintiff's credit report, as well as personal identifying information.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of a Bankruptcy that Plaintiff did not file and that actually belongs to another consumer. Due to the Defendant's faulty procedures, Defendant has mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

10. Defendant Equifax has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has

disseminated to various persons and credit grantors, both known and unknown. Defendant Equifax has repeatedly published and disseminated consumer reports to such third parties..

11. Plaintiff has disputed the inaccurate information with Equifax by following Equifax's established procedures for disputing consumer credit information.

12. Plaintiff has disputed the information with Defendant from at least October 2018 through the present.

13. Despite Plaintiff's exhaustive efforts to date, Defendant have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

14. Plaintiff is not responsible for the Bankruptcy being reported on Plaintiff's credit report.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **FIRST CLAIM FOR RELIEF AGAINST EQUIFAX**

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

19. Equifax, violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

20. As a result of this conduct, action and inaction of Equifax, the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

21. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

## **SECOND CLAIM FOR RELIEF AGAINST EQUIFAX**

22. Plaintiff's re-allege and incorporates paragraphs 1-17 above as fully set out herein.

23. Equifax violated 15 U.S.C. § 1681i on multiple occasions by:

    a. Failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies from Plaintiffs;

    b. By failing to conduct a lawful reinvestigation;

    c. By failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file;

    d. By relying upon verification from a source it has reason to know or should have known is unreliable.

24. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit;

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

25. Equifax's conduct, action and inaction was willful, rendering it liable for actual and/or statutory damages and punitive damages in an amount to be determined by the trier of fact pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA as follows:

A. Judgment that Defendant's conduct listed in First and/or Second Claim of Action violated the FCRA;

B. Actual damages in an amount which will be determined by a jury;

C. Statutory damages as determined by the court pursuant to 15 U.S.C. § 1681n;

D. Punitive damages in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;

E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a);

F. Injunctive relief from further violations.

Respectfully submitted by,

/s/_Barkley B. Smith_____

BARKLEY B. SMITH
Barkley Smith Law, PLLC